**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 19 2012, 9:23 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KEVIN WILD**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEFFERY SANDERS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1203-CR-150 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Robert Altice, Judge
Cause No. 49G02-1110-FB-69697

**October 19, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Jeffrey Paul Sanders (Sanders), appeals his conviction for theft, a Class D felony, Ind. Code § 35-43-4-2(a) and his adjudication as an habitual offender, I.C. § 35-50-2-8.

We affirm.

## ISSUE

Sanders raises one issue for our review, which we restate as: Whether the State presented sufficient evidence beyond a reasonable doubt to sustain Sanders' conviction.

## FACTS AND PROCEDURAL HISTORY

On September 27, 2011, Sandria Beasley (Sandria) was sleeping when she was awakened by the sound of someone opening a door to her home in Indianapolis, Indiana. She called out to ask if it was her brother, Gale Beasley (Gale), who lived with her. Peering out from the stairs, Sandria saw a man leave her home. Sandria investigated and found that a sliding glass door at the rear of her home had been removed. She contacted her other brother, Alonzo Beasley (Alonzo), to come over to the house to help. Alonzo and Sandria waited for Gale to come home from work.

After Gale arrived, Alonzo and Sandria left to obtain plywood to board up the area where the sliding door had been. Following her return, Sandria and Gale discussed whether the person who broke in would come back. Gale noticed that their lawnmower

was inside the house and mentioned it to Sandria, who believed that the person would return to take it. Gale thereafter called his employer to request the day off.

Thereafter, Gale was taking photographs of the door when he saw Sanders pushing the mower across their yard. Although Gale had never met Sanders, Sandria later remembered him from two weeks before when she had caught him trespassing. Gale then confronted Sanders and demanded that he return the mower. Sanders said that the mower was his. The two men squared off and a struggle ensued.

During the struggle, Gale called Sandria for help. Sandria entered the fray armed with an ice pick, scissors, and a baseball bat. As Gale, Sanders, and Sandria struggled, Sandria hit Sanders with the baseball bat and stabbed him with the scissors. Sandria dropped the scissors and Sanders retrieved them, stabbing Gale, until Sandria stabbed his hand with the ice pick. At one point, Sanders wrestled the bat away from Sandria and said that it was his turn. Sandria and Gale tried to wrest the bat away from Sanders, who was stabbed or poked in the eye along the way. The struggle continued until the police arrived. Sanders was transported to the hospital to treat "severe lacerations" to his right eye and scalp which required surgery and stitches. (Appellant's App. p. 21). He was later arrested.

On October 3, 2011, the State filed an Information charging Sanders with Count I, burglary, a Class B felony, I.C. § 35-43-2-1; Count II, battery, a Class C felony, I.C. § 35-42-2-1; and Count III, theft, a Class D felony, I.C. § 35-43-4-2. On November 28, 2011, the State charged Sanders with being an habitual offender, I.C. § 35-50-2-8. On

3

December 2, 2011, a bifurcated bench trial was held. At the close of evidence, the trial court found Sanders not guilty of Counts I and II but found him guilty as charged on Count III. Subsequently, Sanders admitted he was an habitual offender.

On December 14, 2011, the trial court held a sentencing hearing and sentenced Sanders to two and a half years on the theft conviction, enhanced by an additional year and a half for his adjudication as an habitual offender. The sentences were ordered to run consecutively for an aggregate sentence of four years. In addition, the trial court issued a no contact order and ordered restitution in the amount of $1,017.06.

Sanders now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Sanders argues that there was insufficient evidence beyond a reasonable doubt to support his conviction for theft. When reviewing sufficiency of the evidence claims, we do not reweigh the evidence or judge the credibility of the witnesses. *Perez v. State*, 872 N.E.2d 208, 212-13 (Ind. Ct. App. 2007), *trans. denied*. Only that evidence which is most favorable to the verdict, as well as reasonable inferences drawn therefrom, will be considered. *Id*. at 213. We will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the judgment. *Id*. We will reverse only if reasonable persons could not form inferences for each material element of the crime. *Id*. A judgment may be sustained based on circumstantial evidence alone if that circumstantial evidence supports a reasonable inference of guilt. *Hayworth v. State*, 798 N.E.2d 503, 507 (Ind. Ct. App. 2003).

4

In order to convict Sanders of theft, the State was required to prove beyond a reasonable doubt that Sanders knowingly or intentionally exerted unauthorized control over the Beasleys' lawnmower, with the intent to deprive them of the mower's value or use. *See* I.C. § 35-43-4-2(a). Intent must be determined from a consideration of the conduct, and the natural consequences of the conduct. *See Mason v. State*, 944 N.E.2d 68, 73 (Ind. Ct. App. 2011), *trans. denied*. Accordingly, intent may be proven by circumstantial evidence. *Id.*

Sanders' sole argument consists of his allegedly mistaken belief that he owned the mower and therefore lacked the culpability required to convict him of theft. A mistake of fact may constitute a defense under certain circumstances:

> [i]t is a defense that the person who engaged in the prohibited conduct was reasonably mistaken about a matter of fact if the mistake negates the culpability required for commission of the offense.

I.C. § 35-41-3-7. Three elements must be satisfied for a mistake of fact to constitute a valid defense: (1) the mistake must be honest and reasonable; (2) the mistake must be about a matter of fact; and (3) the mistake must negate the culpability required to commit the crime. *Nolan v. State*, 863 N.E.2d 398, 404 (Ind. Ct. App. 2007), *trans. denied*.

Sanders relies on an excerpt from Gale's testimony to assert that the evidence was insufficient to prove his intent to deprive the Beasleys of their mower. During their struggle, Gale testified that Sanders said "[i]t's not your mower, it's my mower." (Tr. p. 30). Sanders contends that this proves he was mistaken about the ownership of the

mower and therefore lacked the intent to deprive the Beasleys of the mower's value or use. We do not find this argument persuasive.

At trial, Sanders testified that he knew Gale owned the mower but took it because Gale owed him money from a drug deal. Gale, however, denied knowing Sanders at all. Faced with these contradictory accounts, the trial court refused to believe Sanders' ownership claim. Thus, Sanders' argument is simply an invitation to reweigh the evidence, which we may not do on appeal. *See Perez*, 872 N.E.2d at 212-13.

Instead, the evidence most favorable to the verdict establishes Sanders' guilt. Both Gale and Sandria testified that the lawnmower was kept inside their home. Sandria had confronted Sanders two weeks earlier for trespassing. Prior to seeing Sanders with the mower, Gale confirmed that it was in their house during his discussion with Sandria. Gale confronted Sanders and demanded the return of the mower. Both he and Sandria testified that they never gave Sanders permission to use the mower. Following the confrontation, Sanders and Gale fought over the mower. Finally, Sanders testified that the mower belonged to Gale. The foregoing evidence supports a reasonable inference that Sanders intended to commit theft when he took the Beasleys' mower. Based on the facts before us, we conclude that the State presented sufficient evidence from which the trial court could reasonably conclude that Sanders had committed theft.

## CONCLUSION

Based on the foregoing, we conclude that the State presented sufficient evidence beyond a reasonable doubt to sustain Sanders' conviction.

6

Affirmed.

BAILEY, J. and CRONE, J. concur